UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:18 CR 182 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHAUHEEN SOHRABI, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Shauheen Sohrabi's Motion to Reduce Sentence ("Motion") (ECF No. 259). The Federal Public Defender's Office filed a notice of no intent to supplement the Motion. (ECF No. 261.) For the reasons that follow, the court denies the Motion.

In 2020, the court sentenced Sohrabi to concurrent 120-month and 48-month terms of imprisonment for several drug offenses. (ECF No. 186.) Sohrabi now argues that Amendment 821 to the United States Sentencing Guidelines ("Guidelines") entitles him to a reduced sentence. (ECF No. 259 at PageID #2069–70.) Relevant here, Amendment 821 altered the Guidelines in two ways. First, defendants with seven or more criminal history points and who "committed the instant offense while under any criminal justice sentence" now receive one status point, and defendants with six or fewer criminal-history points now receive no status points. United States Sentencing Guideline § 4A1.1(e). Second, defendants who qualify as zero-point offenders now receive a two-offense-level reduction. *Id.* § 4C1.1(a).

Neither of these changes entitles Sohrabi to a reduced sentence. As to the first, Sohrabi was not serving a "criminal justice sentence" when he committed the instant offenses, so § 4A1.1(e) does not apply. And, as to the second, Sohrabi does not qualify as a zero-point offender; he received seven criminal history points. (ECF No. 181 at PageID #1472.) So, § 4C1.1(a) does not apply either. For these reasons, the court denies Sohrabi's Motion to Reduce Sentence (ECF No. 259).

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

May 14, 2024